Daniel, J.
It is no doubt true, as a general rule, that the right of a plaintiff in ejectment to recover, *174 rests on the strength of his own title, and is not established by the exhibition of defects in the title of the defendant, and that the defendant may maintain his ¿efe:Qse gimpiy showing that the title is not in the plaintiff, but in some one else. And the rule is usually thus broadly stated by the authorities, without qualification. There are, however, exceptions to the rule as thus announced, as well established as the rule itself. As when the defendant has entered under the title of the plaintiff he cannot set up a title in a third person in contradiction to that under which he entered. Other instances might be cited in which it is equally as well settled that the defendant would be estopped from showing defects in the title of the plaintiff. In such cases, the plaintiff may, and often does recover, not by the exhibition of a title good in itself, but by showing that the relations between himself and the defendant are' such that the latter cannot question it. The relation between the parties stands in the place of title; and though the title of the plaintiff is tainted with vices or defects that would prove fatal to his recovery in a controversy with any other defendant in peaceable possession, it is yet all sufficient in a litigation with one who entered into the possession under it, or otherwise stands so related to it that the law will not allow him/ to plead its defects in his defense.
Whether the • case of an intrusion by a stranger without title, on a peaceable possession, is not one to meet the exigencies of which the courts will recognize a still further qualification or explanation of the rule requiring the plaintiff to recover only on the strength of his own title, is a question which, I believe, has not as yet been decided by this court. And it is somewhat remarkable that there are but few cases to be found in the English reporters in which the precise question has been decided or considered by the courts.
The cases of Read & Morpeth v. Erington, Croke *175 Eliz. 321; Bateman v. Allen, Ibid. 437; and Allen v. Rivington, 2 Saund. R. 111, were each decided on special verdicts, in which the facts with respect to the title were stated. In each case it was shown that the plaintiff was in possession, and that the defendant entered without title or authority; and the court held that it was not necessary to decide upon the title of the plaintiff, and gave judgment for him. In the report of Bateman v. Allen, it is said that Williams Sergeant moved, “that for as much as in all the verdict it is not found that the defendant had the primer possession, nor that he entered in the right or by the command of any who had title, but that he entered on the possession of the plaintiff without title, his entry is not lawful;” and so the court held.
And in Read & Morpeth v. Erington, it was insisted that for a portion of the premises the judgment ought to be for the defendant, in as much as it appeared from the verdict that the title to such portion was outstanding in a third party; but the court said it did not matter, as it was shown that the plaintiff had entered, and/ the defendant had entered on him. ^
I have seen no case overruling these decisions. It is true that in Haldane v. Harvey, 4 Burr. R. 2484, the general doctrine is announced that the plaintiff must recover on the strength of his own title; and that the “possession gives the defendant a right against every man who cannot show a good title.” But in that case the circumstances under which the defendant entered, and the nature of the claim by which he held, do not appear; and the case, therefore, cannot properly be regarded as declaring more than the general rule.
The same remark will apply to other cases that might be cited, in which the general rule is propounded in terms equally broad and comprehensive.
In 2 T. R. 749, we have nothing more than the syllabus of the case of Crisp v. Barber, in which it is said *176 that a lease of a rectory-house, &c. by a rector, becomes void by 13th Eliz. ch. 20, by his nonresidence for eighty days, and that a stranger may take advantage of it. And that the lessee cannot maintain ejectment against a stranger who enters without any title whatever.
And in Graham v. Peat, 1 East’s R. 244, in which, upon a like state of facts, arising under the same statute, the plaintiff brought trespass instead of ejectment, it was held that his possession was sufficient to maintain trespass against a wrong-doer, the chief justice, Lord Kenyon, remarking, that “if ejectment could not have been maintained, it was because that is a fictitious remedy founded upon title.”
These two cases as reported may, perhaps, when taken in connection, be fairly regarded as holding that mere possession by the plaintiff will justify the action of trespass against an intruder, but is not sufficient to maintain ejectment.'( If so, they are in conflict with the earlier decisions before cited. It is to be observed, however, of the first of these cases, that we have no statement of the grounds on which it was decided; and of the last, that it does not directly present the question whether ejectment could or could not have been maintained. And I do not think it would be just to allow them to outweigh decisions in which the precise question was fairly presented, met and adjudicated: The more especially, as the doctrine of the earlier cases is reasserted by Lord Tenterden in the case of Hughes v. Dyball, 14 Eng. C. L. R. 481. In that case, proof that the plaintiff let the locus in quo to a tenant who held peaceable possession for about a year, was held sufficient evidence of title to maintain ejectment against a party who came ih the night and forcibly turned the tenant out of possession. In Archbold’s Nisi Prius, vol. 2, p. 395, the case is cited with approbation, and the law stated in accordance with it. In this country *177 the cases are numerous, and to some extent conflicting, yet I think that the larger number will be found to be in accordance with the earlier English decisions. I have found no case in which the question seems to have been more fully examined or maturely considered than in Sowden, &c. v. McMillan's heirs, 4 Dana’s R. 456. The views of the learned judge (Marshall) who delivered the opinion in which the whole court concurred, are rested on the authority of several cases in Kentucky, previously decided, on a series of decisions made by the Supreme court of New York, and on the three British cases of Bateman v. Allen, Allen v. Rivington, and Read & Morpeth v. Erington, before mentioned. “ These three cases (he says) establish unquestionably the right of the plaintiff to recover when it appears that he was in possession, and that the defendant entered upon and ousted his possession, without title or authority to enter; and prove that when the possession of the plaintiff and an entry upon it by the| defendant are shown, the right of recovery cannot be' resisted by showing that there is or may be an out-] standing title in another; but only by showing that the defendant himself either has title or authority to enter under the title.”
“It is a natural principle of justice, that he who is in possession has the right to maintain it, and if wrongfully expelled, to regain it by entry on the wrong-, doer. When titles are acknowledged as separate and; distinct from the possession, this right of maintaining .and regaining the possession is, of course, subject to the exception that it cannot be exercised against the real owner, in competition with whose title it wholly fails. But surely it is not accordant with the principles of justice, that he who ousts a previous possession, should be permitted to defend his wrongful possession against the claim of restitution merely by *178 showing that a stranger, and not the previous possessor whom he has ousted, was entitled to the posses-The law protects a peaceable possession against excep£ wp0 has ^he actual right to the possess*on’ an<^ 110 °^er can rightfully disturb or intrude upon it. While the peaceable possession continues, it is protected against a claimant in the action of ejectment, by permitting the defendant to show that a third person and not the claimant has the right. But if the claimant, instead of resorting to his action, attempt to gain the possession by entering upon and ousting the existing peaceable possession, he does not ^thereby acquire a rightful or a peaceable possession. |The law does not protect him against the prior possessor. Neither does it indulge any presumption in his favor, nor permit him to gain any advantage by his own wrongful act.”
In Adams v. Tiernan, 5 Dana’s R. 394, the same doctrine is held; it being there again announced that a peaceable possession wrongfully divested, ought to be restored, and is sufficient to maintain the action; and that no mere outstanding superior right of entry in a stranger, can be used availably as a shield by the trespasser in such action. It has also been repeatedly reaffirmed in later decisions of the Supreme court of New York; and may therefore be regarded as the well settled law of that state and of Kentucky.
To the same effect are the decisions in New Jersey, Connecticut, Vermont and Ohio. Penton's lessee v. Sinnickson, 4 Halst. R. 149; Law v. Wilson, 2 Root’s R. 102; Ellithorp v. Dewing, 1 Chipm. R. 141; Warner v. Page, 4 Verm. R. 294; Ludlow's heirs v. McBride, 3 Ohio R. 240; Newnam's lessee v. The City of Cincinnati, 18 Ohio R. 327. In the ease of Ellithorp v. Dewing, 1 Chipm. R. 141, the rule is thus stated : “ Actual seizin is sufficient to recover .as well as to defend against a *179 stranger to the title. He who is first seized may recover or defend against any one except him who has a paramount title. If disseized by a stranger, he maintain an action of ejectment against the disseizor, and in like manner the disseizor may maintain an . •’ action against all persons except his disseizee, or some one having a paramount title.”
In Delaware, North Carolina, South Carolina, Indiana, and perhaps in other states of the Union, the opposite doctrine has been held.
In this state of the law, untrammeled as we are by any decisions of our own courts, I feel free to adopt that rule which seems to me best calculated to attain the ends of justice. The explanation of the law (as usually announced) given by Judge Marshall in the portions of his opinion which I have cited, seems to me to be founded on just and correct reasoning; and I am disposed to follow those decisions which uphold a peaceable possession for the protection as well of a plaintiff as of a defendant in ejectment, rather than those which invite disorderly scrambles for the possession, and clothe a mere trespasser with the means of maintaining his wrong, by showing defects, however slight, in the title of him on whose peaceable possession he has intruded without shadow of authority or title.
The authorities in support of the maintenance of ejectment upon the force of a mere prior possession, however, hold it essential that the prior possession must have been removed by the entry or intrusion of the defendant; and that the entry under which the-defendant holds the possession must have been a trespass upon the prior possession. Towden v. McMillan’s heirs, 4 Dana’s R,. 456. And it is also said that constructive possession is not sufficient to maintain trespass to real property; that actual possession is re *180 'quired, and hence that where the injury is done to an or devisee by an abator, before he has entered, he cannot maintain trespass until his re-entry. 2 Tucker’s Qomm. i9i. An apparent difficulty, therefore, in the way of a recovery by the plaintiffs, arises from the absence of positive proof of their possession at the time of the defendant’s entry. It is to be observed, however, that there is no proof to the contrary. Mrs. Lewis died in possession of the premises, and there is no proof that they were vacant at the time of the defendant’s entry. And in Gilbert’s Tenures 37, (in note,) it is stated, as the law, that as the heir has the right to the hereditaments descending, the law presumes that he has the possession also. The presumption may indeed, like all other presumptions, be rebutted : but if the possession he not shown to be in another, the law concludes it to be in the heir.
The presumption is but a fair and reasonable one; and does, I think, arise here; and as the only evidence tending to show that the defendant sets up any pretense of right to the land, is the certificate of the surveyor of Buckingham, of an entry by the defendant, for the same, in his office, in December 1844; and his possession of the land must, according to the evidence, have commenced at least as early as some time in the year 1842; it seems to me that he must be regarded as standing in the attitude of a mere intruder on the possession of the plaintiffs.
Whether we might not in this case presume the whole of the purchase money to be paid, and regard the plaintiffs as having a perfect equitable title to the premises, and in that view as entitled to recover by force of such title; or whether we might not resort to the still further presumption in their favor, of a conveyance of the legal title, are questions which I have not thought it necessary to consider; the view, which *181 I have already taken of the case, being sufficient, in my opinion, to justify us in affirming the judgment.
Allen, Moncure and Samuels, Js. concurred in the opinion of Daniel, J.
Lee, J. dissented.
Judgment affirmed-